UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

SEAN BIXLER,

     Plaintiff,

v.

MICHELLE WELLING,

     Defendant.

Civil Action No. 5:17-220-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court due to the failure of Plaintiff, Sean Bixler, to comply with prior Court orders. By Order dated March 28, 2018, the Court conducted an initial screening of the Complaint filed by Bixler and directed the United States Marshals Service to serve the Complaint upon Defendant Michelle Welling. [R. 12] A prior Court Order expressly advised Bixler that he must "[i]mmediately advise the Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case.**" [R. 9 at p. 2]; *see also* LR 5.2(d). However, the copy of the Court's March 28, 2018 Order that was mailed to Bixler at his address of record was returned as undeliverable by the Postal Service. [R. 14]

Accordingly, on April 19, 2018, the Court entered an Order which again advised Bixler of his obligation to advise the Clerk's Office of any change in his mailing address and ordered Bixler to provide the Clerk of the Court with an updated mailing address within twenty-one (21) days. [R. 16] Bixler was also warned that this case would be dismissed without prejudice if he failed to do so. [*Id.*]. This deadline has now come and gone with no response from Bixler.

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Bixler failed to comply with the Court's Order directing him to provide the Clerk's Office with a current address, despite the Court's clear warning that his failure to do so would result in dismissal of the case. With respect to the fourth factor, the inability to communicate with Bixler makes the imposition of lesser sanctions, such as monetary or other penalties, difficult or impracticable.

Thus, evaluating all of these factors, the Court concludes that dismissal of Bixler's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is hereby **ORDERED** as follows:

1. Bixler's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court.

2. All pending motions or requests for relief are **DENIED AS MOOT**;

3. All deadlines and scheduled proceedings are **CONTINUED GENERALLY**;

4. The Court will enter an appropriate Judgment.

5. This matter is **STRICKEN** from the Court's docket.

Dated May 22, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY